BERGH and BERGH *vs.* PFEIFFER and WISSMAN.

Where on an arbitration witnesses were examined without being sworn and no regular objection was taken thereto at the time, it will be presumed that the parties assented, and the award of the arbitrators will not be vacated on the ground that the witnesses had not been sworn.

The mode of proceeding where an order vacating an award is reserved, pointed out by BRONSON, J.

ERROR to the Superior Court of the city of New York. A controversy having arisen between the parties in relation to the building of a ship, and cross actions having been commenced, they entered into bonds submitting the whole matter to the arbitrament of two individuals, who had power to appoint a third. It was agreed in the submission that judgment should be rendered upon the award by the Superior Court of the city of New York. The arbitrators awarded that Pfeiffer and Wissman should pay to Bergh and Bergh $1218; that each party should withdraw their suit, and pay their own expenses. Pfeiffer and Wissman made a motion in the Superior Court, upon certain affidavits and papers, to vacate the award pursuant to 2 R. S., 542, § 10. The motion was opposed by Bergh and Bergh, and the court made an order vacating the award and awarding costs to Pfeiffer and Wissman. (§ 19.) A judgment record, containing all the affidavits and papers on both sides and the order of the court, was made up and filed, and Bergh and Bergh now bring error pursuant to § 20 of the statute of arbitrations.

*C. Edwards*, for plaintiffs in error.

*F. B. Cutting*, for defendants in error.

*By the Court,* BRONSON, J. The proceedings were not conducted in the most formal manner. The parties went before the arbitrators without the aid of counsel; they submitted their own statements and explanations, and the witnesses on both sides were examined without being sworn. The counsel for Messrs. Pfeiffer and Wissman, consider this last fact as fatal to the award, and it was said at the bar that on this ground the award was vacated by the Superior Court. No objection was made before the arbitrators to the course which was pursued, and the parties must be taken to have consented that the witnesses should be examined without being sworn. It is true that Mr. Bremeyer, the principal clerk of Pfeiffer and Wissman mentioned to one of the arbitrators that a particular witness had not been sworn, and was answered that it was not necessary; and at a subsequent period he told another of the arbitrators that he thought a particular witness should be sworn, and received for answer that there was no occasion for it. In these answers Mr. Bremeyer apparently acquiesced without objection. And besides, nothing was said to the arbitrators as a body, and they could not but have supposed that they were going on with the full assent of both parties. If referees had proceeded in this manner without objection, it would not have furnished a sufficient ground for setting aside their report. Much less is it a reason for annuling the award of arbitrators.

The other objections to the award are still less important, and were not much pressed upon the argument. We think the award should not have been vacated, and the order of the court below must therefore be reversed.

When the order vacating an award is reversed, the proceedings are either to be remitted to the court from which they were removed, to proceed thereon; or the court of review may proceed after due notice to the party complaining of the award, to modify or confirm the same in the same manner, and with the like effect as if application for that purpose had been originally made to such court. (2 R. S., 544, §§ 20, 21.) The plaintiffs in error desire an order of this court confirming the award. But the statutes require

a notice to the defendants in error.   The proper course will therefore be, to require them to show cause at a special term why the award should not be confirmed.   If no sufficient cause shall be shown, the plaintiffs in error will then be entitled to perfect a judgment of reversal, and to a judgment in their favor upon the award   (§§ 9, 14, 15.)

Ordered accordingly